IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William L. Ridenour and Tommy Lee Brown, | : | |
| Plaintiffs | : | Civil Action 2:10-cv-00493 |
| v. | : | Judge Economous |
| Ohio Department of Rehabilitation and Correction, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Report and Recommendation

Plaintiffs William L. Ridenour and Tommy Lee Brown bring this action pursuant to 42 U.S.C. § 1983 alleging exposure to friable asbestos at the Chillicothe Correctional Institution ("CCI"). This matter is before the Court on defendants' October 13, 2010 motion to dismiss claims for injunctive relief and stay claims for damages (doc. 26).

Defendants move the Court to dismiss plaintiffs' claims for injunctive and declaratory relief and to stay their claims for damages in this case pending the resolution of *Smith v. Ohio Department of Rehabilitation and Correction*, No. 2:08-cv-00015 because the friable asbestos-related claims in this action and those in *Smith* are entirely coextensive. In *Smith,* a motion for class certification pursuant to Fed. R. Civ. P 23(b)(2) is pending, and defendant, the Ohio Department of Rehabilitation and Correction, ("ODRC") has given notice that it does not object to provisional class certification for

1

settlement purposes. According to defendants the resolution of *Smith* will be dispositive of all injunctive and declaratory claims asserted by plaintiffs in this case. The class of inmates seeking certification in *Smith* consists of all inmates currently at CCI or those who will be incarcerated there.

Defendants argue that plaintiffs' claims for injunctive and declaratory relief should be dismissed and their claims for damages should be stayed pending the resolution of the *Smith* putative class action because the exposure to friable asbestos at CCI about which plaintiffs complain is at issue in *Smith*. Because plaintiffs are members of a Rul23(b)(2) class action, they are not permitted to opt out of the class. Defendant maintains that plaintiff's claims for damages should be stayed. By issuing a stay, the Court will preserve plaintiff's right to recover damages if the *Smith* court finds that defendant violated plaintiffs' rights.

Plaintiffs's claims are based on assertions that they were exposed to friable asbestos fibers while incarcerated at CCI, and defendants knowingly failed to protect plaintiffs from such exposure. According to plaintiffs, defendants' motion to dismiss only addresses plaintiffs' claims for exposure to friable asbestos. Plaintiffs argue that any further delays in these proceedings will place their health in grave danger by delaying proper diagnosis and treatment of their asbestos-related diseases. Plaintiffs note that the *Smith* court gave plaintiff Ridenour explicit permission to pursue his claims in separate litigation. *See* doc. 84 in case no. No. 2:08-cv-00015. Plaintiffs further argue that their claims for monetary damages predominate their claims for injunctive

and declaratory relief and require highly individualized proof and determinations.

The Magistrate Judge RECOMMENDS that defendants' motion be GRANTED in part. This action is STAYED. In the event that a Rule 23(b)(2) class is certified in *Smith*, plaintiffs' claims for injunctive and declaratory relief will be resolved in that case. If the *Smith* court certifies a Rule 23(b)(2) class, defendants' may renew their motion to dismiss plaintiffs' claims for injunctive and declaratory relief.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/ Mark R. Abel  
United States Magistrate Judge