**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM L RIDENOUR,** *et al.*  **Plaintiffs,**  v.  **OHIO DEPARTMENT OF REHABILITATION AND CORRECTION,** *et al.*  **Defendants.** | **Case No. 2:10-cv-493**  **Judge Peter C. Economus**  **MEMORANDUM OPINION AND ORDER** |

Plaintiffs William L. Ridenour and Tommy Lee Brown filed this action pursuant to 42 U.S.C. § 1983 alleging exposure to friable asbestos at the Chillicothe Correctional Institution ("CCI"). This matter is before the Court on Plaintiffs' January 14, 2011 objection to the Magistrate Judge's January 11, 2011 Report and Recommendation recommending that Defendants' motion to stay be granted. (Dkt. 36.)

Defendants move the Court to dismiss Plaintiffs' claims for injunctive and declaratory relief and to stay their claims for damages in this case pending the resolution of *Smith v. Ohio Department of Rehabilitation and Correction*, No. 2:08-cv-15. Defendants assert that, because the friable asbestos-related claims in this action and those in *Smith* are entirely coextensive, the resolution of *Smith* will be dispositive of all injunctive and declaratory claims asserted by Plaintiffs in this case. The class of inmates seeking certification in *Smith* consists of all inmates currently at CCI or those who will be incarcerated there; because Plaintiffs would be members of a Rule 23(b)(2) class action, they would not permitted to opt out of the class. The Magistrate Judge's May 12, 2011 status conference order indicates that the parties in *Smith* have reached agreement in principle on almost all terms of a settlement agreement and are currently attempting to finalize that document.

Plaintiffs' claims are based on assertions that they were exposed to friable asbestos fibers while incarcerated at CCI, and Defendants knowingly failed to protect Plaintiffs from such exposure. According to Plaintiffs, Defendants' motion to dismiss addresses only Plaintiffs' claims for exposure to friable asbestos. Plaintiffs argue that any further delays in these proceedings will place their health in grave danger by delaying proper diagnosis and treatment of their asbestos-related diseases. Plaintiffs note that the *Smith* court gave Plaintiff Ridenour explicit permission to pursue his claims in separate litigation. *See* Dkt. 84 in case no. 2:08-cv-00015. Plaintiffs further argue that their claims for monetary damages predominate their claims for injunctive and declaratory relief and require highly individualized proof and determinations.

In their objections, Plaintiffs argue that there are two problems with the Magistrate Judge's recommendation that the case be stayed: (1) the parties in *Smith* are negotiating a settlement agreement that will undoubtedly contain a stipulation by both parties that Defendant admit no culpability or liability, and (2) the *Smith* plaintiffs are not attempting to recover monetary damages from Defendants. Plaintiffs maintain that their monetary damages claims predominate their claims for relief and require highly individualized proof and determinations, which is the opposite of the *Smith* case.

Federal courts should seek to avoid "duplicative litigation." *Smith v. Securities and Exchange Comm'n*, 129 F.3d 356, 360 (6th Cir. 1997) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Where duplicative federal actions are pending, a federal court may, in the exercise of its discretion, stay one of the actions, permit both actions to proceed, or enjoin parties from proceeding in one of those actions. *Id*. "In weighing these three options, courts often proceed . . . under the rule of thumb that the entire action should be decided by the court in which an action was first filed." *Id*. This "first-filed

rule" recognizes that the court presiding over the earlier filed action should generally be permitted to proceed to judgment. *Zide Sport Shop of Ohio, Inc. v. Ed Tobergate Assocs., Inc*., 16 Fed. App'x 433, 437 (6th Cir. 2001). This deference is particularly warranted where the earlier filed action has been certified as a class action and addresses state-wide prison policies "[t]o allow two or more district [court] judges to issue directions to prison officials simultaneously would be to create . . . an 'inefficient' situation, fraught with potential for inconsistency, confusion, and unnecessary expense." *Groseclose v. Dutton*, 829 F.2d 581, 584 (6th Cir.1987); *see also Townsend v. Vasbinder*, No. 04-cv-74846, 2007 WL 4557715 (E.D. Mich. 2007).

Deferral to an earlier filed action is appropriate, however, only where the litigation is truly duplicative, i.e., "'materially on all fours with the other [litigation and having] such an identity that a determination in one action leaves little or nothing to be determined in the other.'" *Smith v. Secs. and Exchange Comm'n*, 129 F.3d at 360 (quoting *Congress Credit Corp. v. AJC Int'l, Inc*., 42 F.3d 686, 689 (1st Cir.1994)). Here, Plaintiffs argue that their claims are not coextensive with the *Smith* plaintiffs because they seek monetary damages requiring highly individualized proof and determinations. While this is true with respect to their claim for monetary damages, Plaintiffs also seek injunctive and declaratory relief that is truly duplicative of the *Smith* action. Further, by issuing a stay, the Court will preserve Plaintiff's right to recover damages if the *Smith* court finds that Defendant violated Plaintiffs' rights.

For the foregoing reasons, the Court hereby **GRANTS IN PART** Defendants' motion and **ORDERS** that this action be **STAYED**. In the event that a Rule 23(b)(2) class is certified in *Smith*, Plaintiffs' claims for injunctive and declaratory relief will be resolved in that case. If the

*Smith* court denies certification of a Rule 23(b)(2) class, Defendants may renew their motion to dismiss Plaintiffs' claims for injunctive and declaratory relief.

**IT IS SO ORDERED.**

**/s/ Peter C. Economus  -  May 17, 2011**
**UNITED STATES DISTRICT JUDGE**