IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William L. Ridenour and Tommy Lee Brown, | : | |
| | : | Civil Action 2:10-cv-00493 |
| Plaintiffs | | |
| | : | Judge Economus |
| v. | | |
| | : | Magistrate Judge Abel |
| Ohio Department of Rehabilitation and Correction, *et al.*, | : | |
| Defendants | | |

# ORDER

This matter is before the Magistrate Judge on plaintiffs William L. Ridenour and Tommy Lee Brown's November 16, 2012 motion for clarification of the Magistrate Judge's July 27, 2012 Order (doc. 66), which is DENIED.

My July 27, 2012 Order stated:

> During the July 26 conference, Mr. Brown and Mr. Ridenour said that they currently do not live in an area with unabated asbestos. They do not need injunctive or declaratory relief. Their claims are solely for compensatory and punitive damages. These claims were not adjudicated in *Smith.*

Doc. 49 at PageID 408. It was my understanding that plaintiffs intended to abandon their claims for injunctive and declaratory relief. Plaintiffs contend, however, that they did not intend to abandon their claim for declaratory relief. Plaintiffs maintain that the *Smith* case did not moot their claim for declaratory relief as the *Smith* decision only concerned injunctive relief.

1

The Private Settlement Agreement permits class members to pursue individual claims for personal injuries or other types of money damages relating to alleged exposure of asbestos in violation of the Eighth Amendment.  Case no. 2:08-cv-00015; doc. 170-1 at ¶ 6(C). Under ¶ 6(D), members of the plaintiff class released all claims, demands, and causes of action other than new rights and obligations created by virtue of the agreement, individual claims for money damages, claims that might exist relating to any asbestos containing material not remediated, and claims dismissed without prejudice pursuant to the stipulation of dismissal.

Because plaintiffs' claim for declaratory relief is not an action for money damages, plaintiffs are not permitted maintain this cause of action against defendants.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel  
United States Magistrate Judge