IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William L. Ridenour and Tommy Lee Brown, | : | |
| | : | Civil Action 2:10-cv-00493 |
| Plaintiffs | | |
| | : | Judge Economus |
| v. | | |
| | : | Magistrate Judge Abel |
| Ohio Department of Rehabilitation and Correction, *et al.*, | : | |
| Defendants | | |

# ORDER

This matter is before the Magistrate Judge on plaintiffs William L. Ridenour and Tommy Lee Brown's October 15, 2012 motion to compel discovery (doc. 56).

Plaintiffs argues that they are entitled to discovery of all non-privileged information relevant to their claims for declaratory relief and nominal, compensatory and punitive damages. Plaintiffs have propounded interrogatories and document requests to the individual defendants in an effort to discover (1) whether the individual defendants were employed at CCI between May 14, 1984 and April 26, 2012 and what their respective job responsibilities were; (2) when and under what circumstances the individual defendants first became aware of the presence of asbestos at CCI; (3) what protective measures were taken to protect the health and safety of inmates and to minimize the risk of exposure to friable asbestos particles; and (4) with whom did

1

defendants communicate, report to, instruct or direct in their personal efforts to protect the health and safety of inmates from exposure to friable asbestos particles. Plaintiffs indicate that these questions are merely examples of the actual interrogatories submitted by plaintiffs.

According to plaintiffs, defendants did not provide proper responses to plaintiffs' interrogatories and only provided a few requested documents. Plaintiffs maintain that the movement history provided for Ridenour is incomplete because it does not contain his job or housing assignments from May 14, 1985 through January 3, 1992. Plaintiffs also argue that defendants have refused to provide the asbestos survey reports for the years 1989, 2000, and 2006. After inspecting his x-ray films, plaintiff Ridenour contends that his file is incomplete. Ridenour contends that chest x-rays were taken when he first arrived at CCI in 1985. Plaintiffs further argue that defendants have failed to properly respond to their requests for admissions. Plaintiffs maintain that defendant Wittrup's responses were evasive, vague, ambiguous, and, in some cases, perjurious. Plaintiffs ask the Court to order defendants to pay plaintiffs' expenses for having to prove that the matters in the admissions are true and to order that all the admissions are admitted as true.

Defendants argue they are not required to provide discovery related to plaintiffs' claim for declaratory relief. Defendants maintain that they have provided documents concerning plaintiffs' movement histories and medical records.

<u>Discussion</u>. Here, plaintiffs have failed to point to particular discovery requests and defendants' corresponding responses with sufficient specificity for the Court to make a complete ruling on plaintiffs' motion to compel. I note, however, that it appears that counsel for defendants may not have provided proper responses to plaintiffs' requests for discovery. In a September 6, 2012 letter to plaintiffs, counsel for defendants wrote:

> [I]n reviewing the discovery requests attached to your Motion to Compel, for the most part, the discovery requests focus on issues relating to establishing friable asbestos exposure within in the Chillicothe correctional Institution ("CCI"). This matter was fully addressed and resolved in *Smith v. Ohio Department of Rehabilitation and Correction*. Pursuant to the dismissal entry in *Smith v. Ohio Department of Rehabilitation and Correction*, "the only issues remaining are individual claims for personal injury or other types of money damages relating to alleged exposure to friable asbestos, in violation of the Eighth Amendment." Therefore only your requests for your grievance documents, the ability to review your medical records and obtain copies of the same, to know the location of identified asbestos as well as the areas you resided in within CCI are relevant.

Doc. 56-1 at PageID # 543. From this response, it is not clear if defendants ever provided any other response or objection to plaintiffs' requests for discovery. If counsel's September 6, 2012 letter consisted of its sole objection to the requests, it is not sufficient and does not comply with the discovery rules. Under Rule 33 of the Federal Rules of Civil Procedure, each interrogatory must be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). Grounds for objecting to an interrogatory must be stated with specificity. Fed. R. Civ. P. 33(b)(4). Furthermore, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.*

Rule 34 has similar requirements. A response to a request for production of documents must contain a response to each item and state that inspection will be permitted or state an objection to the requests. Fed. R. Civ. P. 34(b)(2). Plaintiffs assert that defendants have refused to provide discovery with respect to the following subjects: (1) whether the individual defendants were employed at CCI between May 14, 1984 and April 26, 2012 and what their respective job responsibilities were; (2) when and under what circumstances the individual defendants first became aware of the presence of asbestos at CCI; (3) what protective measures were taken to protect the health and safety of inmates and to minimize the risk of exposure to friable asbestos particles; and (4) with whom did defendants communicate, report to, instruct or direct in their personal efforts to protect the health and safety of inmates from exposure to friable asbestos particles. At this juncture, these topics appear relevant to the parties' claims and defenses that remain in this case.

     Defendants assert that they have provided all the documents in their possession concerning plaintiffs' movement histories and their medical records. Defendants cannot be ordered to produce what they do not have. Defendant are, however, obligated to make a thorough search for responsive documents and respond honestly and completely to discovery requests. Failure to do so will result in sanctions. *Bratka v. Anheuser-Busch*, 164 F.R.D. 448, 463 (S.D. Oh. 1995). The Court notes that plaintiffs have sought all their medical records, not simply those documents contained in the paper files at CCI. Plaintiffs maintain that medical records also may be contained in computer

databases, electronic health records, and Franklin Medical Center MOSS databases. *See* doc. 56-1 at PageID 539.

Plaintiffs' request for an order requiring defendants to pay plaintiffs' expenses for having to prove that the matters in the admissions are true and to order that all the admissions are admitted as true is denied. Plaintiffs have not demonstrated that the responses to the requests for admission were false. Defendants have not, however, provided sufficient responses to plaintiffs' requests for admissions. Defendants solely rely on the information contained in the Chryatech report to respond to requests for admissions. Although it is not clear from the parties' discussion of this issue in their briefs, it appears that the Chryatech report is contained in document 56-1 at PageID #s 494-514. The report does not contain the names of the individuals who attended the January 4, 2007 Inspection Committee meeting, nor does it attribute any statements made at that meeting to any particular individuals. The Chryatech report is dated December 2010-January 2011, but the report references a walkthrough performed on May 9, 2011. *See* doc. 56-1 at PageID 494. Presumably counsel for defendants intended to refer to the Correctional Institution Inspection Committee Report, but no mention of this document is made in the responses to plaintiffs' requests for admissions. *See* doc. 56-1 at PageID # 551. Defendants are ORDERED to provide individual responses to each request for admission. Simply referencing a document will not suffice. Each defendant must consult his or her memory as well as documents that might contain information relevant to the request for admission. If a request for admission is not

admitted, "the answer must specifically deny it or state in detail why the answering party cannot admit or deny it . . . . The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

Plaintiffs define "competent person" as "a person having the qualifications and authority for ensuring work safety and health required by OSHA Subpart C (29 C.F.R. §§ 1926.20 through 1926.32) who is capable of identifying existing asbestos hazards in the workplace and selecting the appropriate control strategy for asbestos exposure and who has the authority to take prompt corrective measures to eliminate them." Doc. 56-1 at PageID # 572. When responding to the requests for admissions, defendants should provide answers to the requests for admissions that utilize the definitions provided by plaintiffs.

<u>Conclusion</u>. For the reasons stated above, plaintiffs William L. Ridenour and Tommy Lee Brown's October 15, 2012 motion to compel discovery (doc. 56) is GRANTED in part. Defendants are ORDERED to provide responses to plaintiffs' requests for discovery individually and to identify their objections with specificity within thirty (30) days of the date of this Order.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for

reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>
United States Magistrate Judge