IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William L. Ridenour and Tommy Lee Brown, | : | |
| | : | Civil Action 2:10-cv-00493 |
| Plaintiffs | | |
| | : | Judge Economus |
| v. | | |
| | : | Magistrate Judge Abel |
| Ohio Department of Rehabilitation and Correction, *et al.*, | : | |
| Defendants | | |

# ORDER

Plaintiff's November 23, 2012 motion for the appointment of an administrator ad litem (doc. 70) is DENIED.  Ms. Pritchard died on May 14, 2009. On November 15, 2012, counsel for defendants filed a purported notice of suggestion of death of Leta Pritchard. Defendants' notice does not comply with Rule 25 because defendants failed to identify the successor or representative of the deceased. *Long v. Time Ins. Co.,* 2008 WL 3200844, at *1 -2  (S.D. Ohio 2008)(quoting *Dietrich v. Burrows*, 164 F.R.D. 220, 222 (N.D. Ohio 1995). *See* doc. 63.Rule 25 of the Federal Rules of Civil Procedure requires that a statement noting death must be served on nonparties in accordance with Rule 4. Here defendants did not identify the successor or representative, nor did defendants serve the notice on the nonparties in accordance with Rule 4. As a result, the 90-day

limitations under Rule 25(a)(1) has not been triggered. Defendants, however, are not required to provide the identify the executor of Ms. Pritchard's estate.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge
