# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **WILLIAM L RIDENOUR,** *et al.* **Plaintiffs,** v. **OHIO DEPARTMENT OF REHABILITATION AND CORRECTION,** *et al.* **Defendants.** | **Case No. 2:10-cv-493** **Judge Peter C. Economus** **MEMORANDUM OPINION AND ORDER** |

Plaintiffs William L. Ridenour and Tommy Lee Brown filed this action pursuant to 42 U.S.C. § 1983 alleging exposure to friable asbestos at the Chillicothe Correctional Institution. This matter is before the Court on Plaintiffs' January 15, 2013 motion for reconsideration (Dkt. 80) of the Magistrate Judge's January 8, 2013 Order (Dkt. 77) denying Plaintiffs' Joint Motion for the Appointment of an Administrator Ad Litem (Dkt. 70) and Plaintiffs' January 15, 2013 response (Dkt. 79) to the Magistrate Judge's January 8, 2013 Show Cause Order (Dkt. 78).

Plaintiffs asked the Court to appoint an administrator ad litem for Defendant Leta Pritchard, who died on May 14, 2009, over a year before this lawsuit was filed. Alternatively, they asked the Court to order defense counsel to identify Ms. Pritchard's executor or personal representative so that Plaintiffs could substitute such person as a party. (Dkt. 70.) Plaintiffs argue that Ms. Pritchard's "tortfeasor liability did not abate with her death" (Dkt. 70) and that their claim against Ms. Pritchard is preserved by Ohio Revised Code § 2305.21 (Dkt. 80).

Because Plaintiffs seek to assert their claims against Ms. Pritchard's representative, we look to Federal Rule 17(b), which provides that, when an individual is acting in a representative capacity, his or her capacity to be sued is determined "by the law of the state where the court is located."

While Ohio law preserves certain claims against decedents, Plaintiffs have not met the requirements to assert such claims against Ms. Pritchard. Ohio Revised Code § 2305.21 provides that "[i]n addition to the causes of action which survive at common law, causes of action for . . . injuries to the person or property . . . also shall survive; and such actions may be brought notwithstanding the death of the person . . . liable thereto." *See also Mahoning Valley Ry. Co. v. Van Alstine*, 77 Ohio St. 395 (1908) ("where a deceased defendant would have been liable had he lived, his executor or administrator shall be liable, and any judgment recovered shall be a valid claim against the estate"). However, Ohio law requires "all creditors having claims against an estate to present their claims within six months after the decedent's death" and provides that "a claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties." Ohio Rev. Code § 2117.06(B), (C). Plaintiffs failed to present their claims against Ms. Pritchard within six months after her death, and such claims are now barred.

In the Magistrate Judge's Show Cause Order, he ordered Plaintiffs to show cause why Ms. Pritchard should not be dismissed without prejudice pursuant to Rule 4(m) for failure to obtain service on her. (Dkt. 78.) Plaintiffs responded that good cause exists for an extension of time to make service on Ms. Pritchard's representative because "Defendants have concealed the identity of Defendant Leta Pritchard's personal representative." (Dkt. 79.) This argument fails, however, because the applicable deadline under § 2117.06 passed months before Plaintiffs filed this lawsuit.

Because Plaintiffs missed the deadline under Ohio law to assert their claims against the estate of Ms. Pritchard, and her representative no longer has the capacity to be sued in federal court, the Court hereby **DENIES** Plaintiffs' motion for reconsideration (Dkt. 80) of the Magistrate Judge's Order denying Plaintiffs' Joint Motion for the Appointment of an

Administrator Ad Litem.  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** dismissing Leta Prichard, without prejudice, under Rule 4(m), Fed. R. Civil. P. for failure to obtain service on her.

    **IT IS SO ORDERED.**

                                                **UNITED STATES DISTRICT JUDGE**