IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William L. Ridenour and Tommy Lee Brown, | : | |
| | : | Civil Action 2:10-cv-00493 |
| Plaintiffs | : | Judge Economous |
| v. | : | Magistrate Judge Abel |
| Ohio Department of Rehabilitation and Correction, *et al.*, | : | |
| Defendants | | |

### Report and Recommendation

Plaintiffs William L. Ridenour and Tommy Lee Brown, inmates in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") bring this action pursuant to 42 U.S.C. § 1983 alleging exposure to friable asbestos at the Chillicothe Correctional Institution ("CCI") in violation of their Eighth and Fourteenth Amendment rights. This matter is before the Magistrate Judge on defendants' July 8, 2013 motion to dismiss plaintiffs' claims for injunctive and declaratory relief (doc. 126).

During a telephone conference with plaintiffs and counsel for defendants, I understood that plaintiffs intended to dismiss their claims for injunctive and declaratory relief because their claims are solely for compensatory and punitive damages. On January 4, 2008, a class action was brought on behalf of inmates at CCI in connection with alleged exposure to unabated asbestos at CCI. *See Smith v. ODRC*, Case

no. 2:08-cv-00015.  As inmates housed at CCI, plaintiffs Ridenour and Brown were members of the Rule 23(b)(2) certified class. The *Smith* Court approved a settlement agreement. The settlement agreement dismissed all of the claims of the individual named plaintiffs and the plaintiff class with prejudice with the exception of individual claims or other types of money damages related to alleged exposure to asbestos in violation of the Eighth Amendment. Claims for compensatory and punitive damages were not adjudicated in *Smith v. Ohio Department of Rehabilitation and Correction*. In response to my Order memorializing the telephone conference, plaintiffs stated their belief that the *Smith* case did not moot their claim for declaratory relief as the *Smith* decision only concerned injunctive relief.

Defendants maintain, however, that the *Smith* case mooted plaintiffs' claims for injunctive and declaratory relief. They argue that this Court has previously ruled that plaintiffs' claims for injunctive and declaratory relief were duplicative of those in *Smith* and rely on the law of the case doctrine. As a result, defendants maintain that plaintiffs' claims for injunctive and declaratory relief should be dismissed.

In response, plaintiffs argue that the *Smith* defendants were not released from declaratory judgment claims. Rather they were released from all claims "relating to the removal or abatement asbestos at CCI." Plaintiffs maintain that the declaratory relief originally sought in *Smith* was not addressed by the Court or the settlement agreement. The *Smith* complaint sought declaratory judgment relief on (1) whether CCI has knowingly created unreasonable risks of serious damage to the present and future

2

health of the Class in violation of the Eighth and Fourteenth Amendments; (2) whether CCI has knowingly required inmates to abate exposed and/or friable asbestos without proper training, containment or personal protective clothing, masks and/or equipment, thereby exposing the inmates to dangerously high levels of asbestos; (3) whether CCI failed to implement policies or procedures that would have prevented these unreasonable risks of serious damage to inmates' future health and/or failed to follow existing policies or procedures to prevent such well known risks of harm; and (4) whether the injunctive and/or declaratory relief will remedy or alleviate CCI's alleged ongoing class wide constitutional violations.

Plaintiffs seek declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202. They argue that the Declaratory Judgment Act specifically provides that further relief is available based on a request for declaratory judgment. Plaintiffs maintain that because the settlement agreement only released defendants for claims relating to the removal or abatement of asbestos at CCI, plaintiffs are entitled to maintain their claim for declaratory relief.

In the *Smith* case, the class was defined as all inmates in areas identified as containing unabated asbestos at CCI. The Stipulation of Dismissal states:

> The parties hereby stipulate that the claims of the plaintiff class and the individual named plaintiffs relating to the following issue shall be and hereby are dismissed without prejudice: any individual claim for personal injury or other types of money damages relating to alleged exposure to asbestos, in violation of the Eighth Amendment.

Doc. 135-1 at PageID# 1065. All of the other claims of the plaintiff class were dismissed with prejudice.

The *Smith* plaintiffs obtained the injunctive relief they requested, and the declaratory relief sought in the *Smith* action was dismissed with prejudice. Plaintiffs' Section 1983 claim in this case will determine whether defendants acted with deliberate indifference by exposing plaintiffs to friable asbestos posing an unreasonable risk of serious damage to their future health.

The Magistrate Judge RECOMMENDS that defendants' July 8, 2013 motion to dismiss plaintiffs' claims for injunctive and declaratory relief (doc. 126) be GRANTED. If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge