IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William L. Ridenour and Tommy Lee Brown, | : | |
| | : | Civil Action 2:10-cv-00493 |
| Plaintiffs | | |
| | : | Judge Economus |
| v. | | |
| | : | Magistrate Judge Abel |
| Ohio Department of Rehabilitation and Correction, *et al.*, | : | |
| Defendants | | |

## ORDER

This matter is before the Magistrate Judge on plaintiffs' March 19, 2014 motion to compel discovery (doc. 178).

Plaintiff's Motion to Compel. On January 21, 2014, defendants were ordered to provide responses to plaintiffs' interrogatory no. 1, supplement their responses by identifying which documents previously produced were responsive to specific requests, produce a privilege log, and produce any ODRC abatement procedures and policies if such documents existed.

Plaintiffs argues that defendants failed to clearly identify which documents previously produced by defendants were responsive to a specific request. Defendants also failed to produce any ODRC abatement procedures and policies. Plaintiffs maintain

1

that if no such documents exists, than defendants Bobb-Itt, Burton, Brunsman, Knab, Brooks, and Wittrup made false statements in their responses to interrogatories.

Plaintiffs contend that the discovery requests at issue were mailed to defendants on September 10, 2010. Defendants have had these discovery requests for approximately 3½ years. At the time the discovery requests were served, all the defendants, with the possible exception of Knab, were still employed at the Chillicothe Correctional Institution. Now, defendants maintain that are unable to produce the documents because they no longer work at CCI. Plaintiffs point out, however, that defendants were able to provide plaintiffs' medical records even though they were no longer employed at CCI.

Plaintiffs further question the veracity of individual responses to admissions. Brooks stated that he became aware of the presence of asbestos when the *Smith* litigation was initiated in 2008. Plaintiffs challenges this statement with the fact that Brooks received an email concerning the 2006 asbestos survey performed Chryatech. In response to an interrogatory asking what protective measures Black took to protect the health and safety of plaintiffs, he responded that he did not supervise Ridenour or Brown. Plaintiffs argue that all ODRC employees are obligated to protect the health and safety of inmates. Brown stated that "protective measures would have been taken on behalf of all inmates and staff, not just Plaintiffs, and in accordance with ODRC abatement procedures and policies." Defendant Knab refused to provide emails and/or other communications concerning asbestos at CCI on the basis of attorney client

privilege and the stipulated protective order entered in the *Smith* case. Knab did not

address any documents prior to the *Smith* litigation or the Chryatech Asbestos Survey

conducted in 2006. As warden, these records would have been available to her had she

made an effort to obtain this information. Knab also indicated that she received an

email concerning OPI Asbestos meeting notes, which should have been produced in

discovery. Plaintiffs limit their examples to those above, but they maintain that there are

additional examples representing an "an epidemic of selective amnesia" among the

defendants. Plaintiffs argue that expert materials and communications that fall outside

the scope of Rule 26(b)(4)(B-C) are not work product and are therefore discoverable.

Plaintiffs also maintain that they are entitled to receive the 2006 Chryatech Asbestos

Survey and the 1989 and 2000 Asbestos Survey Reports performed for CCI.

        Plaintiffs seek an order directing defendants to:

1.      Describe with specificity the departmental policies, procedures, rules and directives pertaining to asbestos and EPA regulations that govern the actions and responsibilities of each individual defendant concerning asbestos at CCI;

2.      Describe with specificity emails and other communications that each defendant has received pertaining to asbestos at CCI and not merely those related to the *Smith* case;

3.      Describe with specificity and identity all documents pertaining to the presence of asbestos at CII and not merely those related to the *Smith case;*

4.      Describe with specificity and identify all prior lawsuits, grievances, and investigations pertaining to asbestos at CCI, beginning from the first asbestos survey performed on CCI in 1989;

5.      Describe with specificity and identify all meetings, their participants and any communications generated therefrom pertaining to asbestos at CCI, beginning from the asbestos survey performed on CCI through the present;

6.      Identify all employees of CCI, ODRC, CIIC and Chryatech, Inc., who may have direct knowledge of discoverable matters pertaining to asbestos at CCI;

7.      Describe with specificity all inspections, analyses, airborne sampling tests, and other types of asbestos-related tests, the entity that conducted the procedure and the results therefrom pertaining to asbestos at CCI, beginning in 1989 to the present;

8.      Identify all inmate asbestos abatement and encapsulation work crews at CCI beginning in 1989 to the present.

Plaintiffs also ask for an order compelling the production of the following:

1.      ODRC asbestos abatement procedures and policies;

2.      All documents, emails and other communications that were sent or received by defendants Brooks, Burton and Black pertaining to asbestos at

CCI, including status reports, daily asbestos work logs, and other

documents pertaining to asbestos abatement and encapsulation at CCI;

3.   Ridenour's x-ray reports from 1985 to 1992;

4.   All daily transfer sheets, or its equivalent for CCI, containing those

sections where Ridenour's name appears;

5.   All documents pertaining to Air Sampling Analysis Reports or its

equivalent pertaining to asbestos air sampling and tests at CCI;

6.   All Asbestos Abatement Reports or its equivalent pertaining to asbestos

abatement and encapsulation at CCI;

7.   All certification, re-certification and licensing documents or its equivalent,

for each inmate asbestos abatement supervisor who worked at CCI;

8.   All asbestos disposal and removal of asbestos from CCI documents, and

each document pertaining to the date asbestos related contractors worked

at CCI.

Defendants' Response. As a preliminary matter, defendants note that plaintiffs

made no attempt to resolve this discovery dispute prior to filing their motion.

Defendants maintain that on March 6, 2014, they timely responded to the Court's order

by providing individual responses to interrogatory no. 1; indicating that the individual

defendants did not have any written documents reflecting how they became aware of

asbestos at CCI because they learned of it through oral communications; and providing

the privilege log for Knab. Defendants also responded that no ODRC policies concerning abatement procedures exist.

Counsel for defendants maintains that none of the defendants are in possession of ODRC documents, and she contacted the ODRC Legal Department to ascertain whether there are any ODRC policies concerning abatement procedures. The only relevant document located was 10-SAF-07 Building and Safety Codes, which provides the minimum standards regarding reconstruction, repair, alternations and maintenance of correctional buildings. Defendants contend that asbestos abatement, storage, and discard are regulated under the Occupational Safety and Health Administration, the Environmental Protection Agency, and Housing and Urban Development regulations and guidelines as set forth in the Chryatech Report.

Plaintiffs' reference to Knab's November 4, 2013 response to interrogatory no. 3 without acknowledging her clarifying response in interrogatory no. 5, in which she stated she did not recall specific policies, procedures, rules and directives she would have adhered to in regards to asbestos abatement issues.

Defendants further argue that this Court has no subject matter jurisdiction over ODRC or CCI based on Eleventh Amendment immunity.  Notwithstanding this immunity, counsel approached ODRC to determine if it had promulgated any specific policies; it had not. Defendants have provided all information within their custody and control.

Defendants contend that plaintiffs' untimely request for repetitive or additional discovery should be denied. The deadline for completing discovery was June 3, 2013.

Discussion. Much of plaintiffs' argument concerns alleged inconsistencies in defendants' responses to various requests for discovery. Plaintiffs may use any alleged inconsistencies in defendants' responses to attack their credibility or to demonstrate a question of material fact at the summary judgment stage. Further discovery or sanctions is not appropriate. Plaintiffs raise new issues with defendants' responses and seek and order compelling further discovery that was not raised in the Court's January 21, 2014 Order. In their reply in support of their motion to compel, plaintiffs request leave to issues subpoenas to ODRC and CCI to obtain documents. Plaintiff's request is DENIED. The deadline for conducting discovery has passed.

Conclusion. Plaintiffs' March 19, 2014 motion to compel discovery (doc. 178) is DENIED. Dispositive motions must be filed no later than April 18, 2014. No further extensions will be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge