IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM L. RIDENOUR, et al.,**

       **Plaintiffs,**

  v.                                **Civil Action 2:10-cv-493**
                                        **Judge George C. Smith**
                                        **Magistrate Judge Kimberly A. Jolson**

**OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,
et al.,**

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff William Ridenour's Motion for an Order Directed to the Institutional Cashier at the Chillicothe Correctional Institution to Suspend/Discontinue Further Deduction of Filing Fees from the Personal Account of William L. Ridenour in Case Numbers 2:08-cv-682 and 2:10-cv-493 (Doc. 228). For the reasons that follow, the Motion is **DENIED**.

On June 1, 2010, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (Doc. 1) with his civil rights action under 42 U.S.C. § 1983. The Court granted that Motion and, consistent with the Prison Litigation Reform Act ("PLRA"), ordered Plaintiff to pay a partial initial filing fee and to make monthly payments until the full filing was paid. (Doc. 3 at 1–2 (citing 28 U.S.C. § 1915(b)(1)-(2))). Plaintiff's Complaint was subsequently filed on June 7, 2010. (Doc. 4). After discovery and motion practice, the Court entered summary judgment in favor of Defendants and dismissed the case on January 29, 2015. (Doc. 223). Since the filing of the Complaint, Plaintiff has made regular monthly payments to pay the filing fee in full as required by the PLRA.

Plaintiff now requests that the Court suspend or discontinue his obligation to make those

monthly payments. (*See generally* Doc. 228). According to him, he "has been paying this Court approximately $4 each month on his filing fee debts for cases 2:08-cv-00682 and 2:10-cv-00493 collectively for over ten years. The deduction of $4 each month has recently become a financial burden upon Ridenour based on a number of reasons." (*Id.* at 2). Plaintiff receives "state-pay of $20 per month":

> From this $20 per month state-pay allowance, he must pay $4 for his filing fee debt to this Court, purchase over-the-counter medications for his health problems, and buy the necessary hygiene products from the institution commissary. His advanced age requires him to purchase increasing amounts of over-the-counter medications to cope with his health problems due to his advanced age. The majority of these over-the-counter medications needed by Ridenour are not provided by the prison healthcare services at CCI.. [sic] Indeed, he has already begun suffering pain and other negative side effects of going without some of his over-the-counter medications. Ridenour suffers from pain due to degenerative arthritis of the spine, persistent sinus allergies, and chronic digestive problems, which all necessitate the purchase of over-the-counter medications at his expense.

(*Id.*). In conclusion, Plaintiff emphasizes that "further deduction of filing fees from Ridenour serves no other purpose than to punish an old man for seeking justice and his day in court." (*Id.* at 3).

Unfortunately, the Court does not have authority to grant Plaintiff the relief he seeks. The PLRA provides that, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.* § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

The Sixth Circuit has observed that "the obligation to pay the full filing fee under § 1915(b)

arises at the time a civil complaint is filed." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (citation omitted). A prisoner's obligation to pay the full filing fee continues even if his or her complaint is subsequently dismissed, voluntarily or otherwise. *Id*. Ultimately, "[f]ederal law does not authorize the court to waive" the requirements of § 1915(b)(2). *Richardson v. Sec'y, Dep't of Corr.*, No. 3:06-cv-485, 2007 WL 951788, at *1 (N.D. Fla. Mar. 28, 2007); *see also Ives v. Scutt*, No. 2:11-cv-13410, 2011 WL 5838580, at *1 (E.D. Mich. Nov. 21, 2011) ("By filing a complaint, the inmate waives any objection to the assessment of fees and to the withdrawal of funds from his or her trust fund account to pay court fees and costs."); *Roth v. Larson*, No. 06-4574 MJDJSM, 2007 WL 274829, at *2 (D. Minn. Jan. 26, 2007) ("To the extent that Plaintiff is seeking to be excused from the subsequent installment payments required by § 1915(b)(2), his request must be denied. Plaintiff has not cited any authority suggesting that federal courts can waive the fee payment requirements of § 1915(b)(2), and again, the apposite Eighth Circuit caselaw clearly indicates that prisoners must pay the full filing fee as the statute prescribes."); *Dunbar v. U.S.D.A. Forest Serv.*, No. CV 06-2544-PCT-SMM, 2006 WL 3716743, at *1 (D. Ariz. Nov. 6, 2006) ("To assist indigent inmates, § 1915 provides for payment of the fee in increments; it does not provide for deferral or waiver of the fee.").

Because the Court has not been able to identify any authority that would allow it to suspend or discontinue Plaintiff's payment obligation, the Motion is **DENIED**.

IT IS SO ORDERED.

Date: February 12, 2019       /s/ Kimberly A. Jolson
                              KIMBERLY A. JOLSON
                              UNITED STATES MAGISTRATE JUDGE